IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JEFFREY J. SOUTHARD,

      **Petitioner,**

v.                                      CIVIL ACTION NO. 2:15cv69
                                        (Judge Bailey)

**CHARLES WILLIAMS, Warden,**

      **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On September 14, 2015, the *pro se* Petitioner, then a federal inmate, filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241, in which he seeks an order vacating his convictions for disciplinary code violations, expungement of the violations from of the Bureau of Prisons' records, a directive to restore his wrongfully deprived Good Conduct Time, and a declaratory judgment that this matter should not affect the BOP's nor the State of New Jersey Department of Parole's administrative determinations. ECF No. 1 at 8. On October 15, 2015, the Petitioner paid the required $5.00 filing fee. By Order entered October 16, 2015, the Court directed the Respondent to show cause why the petition should not be granted. On October 29, 2015, the Respondent filed a Motion to Dismiss, or in the alternative, Motion for Summary Judgment. On October 30, 2015, a Roseboro Notice was issued. On November 30, 2015, the Petitioner filed a Response.

### II. FACTS

On the date the Petitioner filed this matter, he was a federal inmate designated by the Federal Bureau of Prisons ("BOP") to FCI Gilmer. He was serving a 97 month sentence imposed on November 20, 2009, by the United States District Court for the District of New Jersey for his convictions of Mail Fraud, in violation of 18 U.S.C. § 1341 and of Filing a False Tax Return, in violation of 26 U.S.C. § 7206(1). He also was ordered to pay restitution in the amount of $1,813,399.92.

In this action, the Petitioner is challenging two separate disciplinary actions taken against him. The first, based upon Incident Report No. 2569835, dated April 10, 2014, found him to be in violation of four separate prohibited acts, including Prohibited Act Codes 297, 305, 328 and 334. However, the Petitioner clearly acknowledges that there was sufficient evidence to support finding him guilty of Prohibited Act Code 328, Giving Money or Anything of Value to, or Accepting Money or Anything of Value From, Another Inmate or any Other Person Without Staff Authorizations. ECF 1-1 at 3. In addition, Prohibited Act Code 297, Use of Telephone and E-Mail for Abuses other than Criminal Activity was expunged from his record after the Petitioner filed an Administrative Remedy Request. ECF No. 1-23. Therefore, in reality, the Petitioner is challenging the finding that he violated the Prohibited Act Code 305, Possession of Anything not Authorized, and Prohibited Act Code, 334, Conducting a Business or Directing an Investment Transaction without Staff Approval. The second disciplinary action the Petitioner challenges is based upon Incident Report Number 2569838, also dated April 10, 2014, in which he was found to be in violation of Prohibited Act Code 229, Most Like 224A. Assaulting Without Serious Injury.

A Disciplinary Hearing Officer ("DHO") conducted a hearing on each incident report on May 7, 2014. The DHO found the Petitioner guilty of all charges and imposed the following sanctions with respect to Incident Report No. 2569835:

Code 297: disallowance of 27 days good conduct time; 15 days disciplinary segregation; suspended 90 days; loss of phone and e-mail privileges for 90 days;

Code 305: disallowance of 7 days good conduct time; 7 days disciplinary segregation, suspended 90 days; and 90 days loss of commissary privileges;

Code 328: disallowance of 7 days good conduct time; 7 days disciplinary segregation suspended 90 days;

Code 334: 7 days disallowance of good conduct time; 7 days disciplinary segregation, suspended 90 days; and loss of visiting privileges for 90 days.

With respect to Incident Report Number 2569838, the DHO found the Petitioner guilty of violating Prohibited Act Code 299 most like 224A, Conduct disruptive to the security and orderly running of the institution, most like attempted assault. Neither party has supplied the Court with a copy of the DHO Report, and therefore, it is unclear what sanctions were imposed. However, after the Petitioner appealed the DHO action with respect to this incident report, the matter was remanded for reinvestigation and reprocessing. ECF No. 1-35. According to the records provided to the Court, the incident report was still pending investigation, and the incident report is not listed on the Petitioner's disciplinary history. ECF No. 13-3.

## III. CONTENTIONS OF THE PARTIES

The Petitioner alleges that there was insufficient evidence to support the 305, 334 and 224A charges. The Respondent argues that with respect to Incident Report Number 2569835, the Petitioner received all the due process rights afforded to him by Wolff v. McDonnell, 418 U.S. 539 (1974). With respect to Incident Report Number 2569838, the Respondent maintains that when prison official set aside a disciplinary conviction and order a new hearing, a prisoner's claims challenging the set-aside conviction are moot. Therefore, the Respondent argues that the

Petitioner's claims regarding the discipline based upon Incident Report Number 2569838 are moot and must be dismissed.

For the reasons discussed more fully below, the Court concludes that this entire matter is moot and should be dismissed.

## IV. <u>DISCUSSION</u>

On December 28, 2015, the Court received a letter from the Plaintiff in which he indicated that this case may be "time sensitive." ECF Nos. 17 & 18.[1] The Petitioner further noted that he was "not in a position to adjudicate [this action]; however, I do believe that my 'liberty interest' have been taken unjustifiably as of the beginning of January 2016." <u>Id.</u> As noted in the Respondent's Memorandum in support of his Motion to Dismiss/Summary Judgment, the Petitioner's projected release date, via good conduct time, was February 18, 2016. The Court can only assume that the Petitioner's mention of January 2016, was in reference to the loss of twenty-one days of Good Conduct Time as the result of Incident Report Number 2569835. A review of the BOP website establishes that the Petitioner was, indeed, released on February 18, 2016. Moreover, the Petitioner has filed several changes of address, which indicate that he is currently in the custody of the New Jersey Department of Corrections.[2]

Because the Petitioner was sanctioned with the loss of good time credits which adversely affected the duration of his ongoing federal confinement, his challenge to the disciplinary proceedings that led to the sanction was appropriate for habeas review at the time this action was

---

[1]The Petitioner filed two letters, one addressed to Judge Bailey, and the other addressed to the undersigned. However, the bodies of the letter are identical.

[2]A review of the New Jersey Department of Corrections inmate locator, establishes that the Petitioner is serving a sentence for a state conviction for Money Laundering and Securities Fraud. His current maximum release date is June 10, 2020, and his current parole eligibility date is August 3, 2016.

filed. However, "parties must continue to have a 'personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990). Where as here, a habeas corpus petitioner is released from custody, a District Court's authority to adjudicate the controversy is called into doubt. See Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. 2009). The possible limitation of the District Court's authority stems from the fact that Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies. See also, Steiffel v. Thompson, 415 U.S. 452, 459 (1974) (the adjudicatory power of a federal court depends upon "the **continuing** existence of a live and acute controversy") (emphasis added.). Therefore, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3d Cir. 1996).

"Past exposure to illegal conduct is insufficient to sustain a present case or controversy.... if unaccompanied by continuing, present, adverse effects." O'Shea v. Littleton, 414 U.S. 488, 495-86 (1974).Therefore, an inmate's petition will not be rendered moot by his release if he can show that the challenged conviction will cause him to suffer some future collateral consequences. Lane v. Williams, 455 U.S. 624 (1982); Carafas v. LaVallee, 391 U.S. 234 (1968). Collateral consequences are presumed to exist when a habeas petitioner challenges his underlying criminal conviction. Spencer v. Kenna, 523 U.S. 1, 7-8 (1998). However, collateral consequences are not presumed to exist where a petitioner challenges the execution of a sentence that already has been served. Id. at 12-14. Therefore, the issue in this case is whether the disciplinary proceedings have a continuing impact on the Petitioner following his release.

The Petitioner filed this matter while he was incarcerated, approximately five months

5

before he was released. Among his claims for relief, were reinstatement of the good conduct time that he lost as a result of the disciplinary proceedings described above. Once he served his entire term of imprisonment, and was released upon its completion, his good conduct time credits ceased to have any effect. Therefore, it is clear that with respect to his request that his good conduct time be restored, the matter is moot.

The Petitioner also requested the expungement of the violations from the Bureau of Prisons' records and a declaratory judgment that this matter should not affect the BOP's nor the State of New Jersey Department of Parole's administrative determinations. The Petitioner asserts no concrete injuries-in-fact attributable to his disciplinary proceeding. However, the Court assumes, because he is now is the custody of the State of New Jersey and is parole eligible in August of this year, that the Petitioner anticipated that the disciplinary proceedings might have a detrimental impact on his parole consideration. The Courts finds this possibility to be too speculative to provide an ongoing case or controversy.

The decision to grant or deny parole is most certainly based on several considerations, and while disciplinary infractions may be one consideration, that fact is insufficient for this Court to exercise continuing jurisdiction in this matter. See Sandin v. Conner, 515 U.S. 472, 482 (1995) ("The chance that a finding of misconduct will alter the balance [or parole suitability decision] is simply too speculative to invoke the procedural guarantees of the Due Process Clause"); Ramirez v. Galaza, 334 F.3d 850, 959 (9th Cir. 2003) (successful challenge to a prison disciplinary proceeding will not necessarily shorten the length of confinement because the Parole Board could deny parole for other reasons); Norman v. Salazar, No. CV 08-8532-AHM (JEM) 2010 WL 2197541, at *2 (C.D. Cal. Jan. 26, 2010) ("the mere possibility that the 2006 disciplinary conviction could be detrimental to Petitioner in future parole hearings is too speculative to serve

as the basis for a habeas corpus petition).

Finally, the Court reiterates that the Petitioner conceded that there was sufficient evidence to find him guilty of Prohibited Act Code 328, Giving Money or Anything of Value to, or Accepting Money or Anything of Value From, Another Inmate or any Other Person Without Staff Authorization. In addition, the Petitioner has one other disciplinary report in his cental file. On June 3, 2011, he was found guilty of Prohibited Act Code 312, Being Insolent to Staff Member. ECF No 13-3 at 17. Accordingly, even if the two disciplinary infractions at issue in this case were expunged, the Petitioner would have disciplinary actions of record for consideration by the New Jersey Parole Board, Making the Petitioner's presumed claim that the disciplinary proceedings at issue in this case might have a detrimental impact on any parole hearing in New Jersey even more speculative.

## VI. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the Petitioner's §2241 petition be **DISMISSED AS MOOT** and the Respondent's Motion to Dismiss or**,** in the alternative, Motion for Summary Judgment [ECF No. 13] is **DENIED AS MOOT**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208

(1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. The Clerk of the Court is further directed to prove a copy to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic case Filing in the United States District Court for the Northern District of West Virginia.

DATED: April 22, 2016.

                                                           */s Robert W. Trumble*
                                                         ROBERT W. TRUMBLE
                                                         UNITED STATES MAGISTRATE JUDGE