IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

JEFFREY J. SOUTHARD,

       Petitioner,

v.                                              CIVIL ACTION NO. 2:15-CV-69
                                                 (BAILEY)

CHARLES WILLIAMS, Warden,

       Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

**I.    INTRODUCTION**

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Robert W. Trumble. [Doc. 22]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Trumble filed his R&R on April 22, 2016, wherein he recommends this Court dismiss as moot the petitioner's § 2241 petition and deny as moot the respondent's Motion to Dismiss or for Summary Judgment.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo*

1

review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Trumble's R&R were due within fourteen (14) days of service, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The docket reflects that service was accepted on April 29, 2016. [Doc. 23]. Petitioner filed his Objection–dated May 12, 2016–on May 17, 2016. [Doc. 25; *see also* Docs. 26, 28]. This Court will accept the petitioner's objection as timely. Accordingly, this Court will review the portions of the R&R to which the petitioner objects under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## II. **BACKGROUND**

The petitioner filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("§ 2241") [Doc. 1] on September 14, 2015. At the time of the filing, petitioner was serving a 97-month sentence imposed on November 20, 2009, by the United States District Court for the District of New Jersey for his convictions of Mail Fraud, in violation of 18 U.S.C. § 1341, and of Filing a False Tax Return, in violation of 26 U.S.C. § 7203(1). He was also ordered to pay a restitution judgment in the amount of $1,813,399.32. [*See* Doc. 13-2]. His projected release date, with consideration for good conduct time, was February 18, 2016. [*Id.*]. A check of the BOP's Inmate Locator indicates that the petitioner was, in fact, released on February 18, 2016. He is currently in the custody of the New Jersey Department of Corrections serving a sentence for a state conviction, according to the State of New Jersey Department of Corrections offender search.

The petitioner's § 2241 challenges two separate disciplinary actions taken against

him. The first, based upon Incident Report No. 2569835, dated April 10, 2014, found him to be in violation of four separate prohibited acts, including Prohibited Act Codes 297, 305, 328, and 334. [Docs. 1; 1-1 at 3]. The petitioner does not contest that sufficient evidence to support a finding of guilt exists regarding Prohibited Act Code 328, Giving Money or Anything of Value to, or Accepting Money or Anything of Value From, Another Inmate or any Other Person Without Staff Authorizations. [Doc. 1-1 at 3]. Additionally, Prohibited Act Code 297, Use of Telephone and E-Mail for Abuses other than Criminal Activity was expunged from his record following an Administrative Remedy Request. [*Id.*; Docs.1-13; 1-23]. As such, regarding the first disciplinary action, the petitioner is challenging the finding that he violated Prohibited Act Code 305, Possession of Anything not Authorized, and Prohibited Act Code 334, Conducting a Business or Directing an Investment Transaction without Staff Approval.

The second disciplinary action that the petitioner challenges is based upon Incident Report No. 2569838, also dated April 10, 2014, in which he was found to be in violation of Prohibited Act Code 229, Most Like 224A, Assaulting Without Serious Injury. [Doc. 1-1 at 4].

A Disciplinary Hearing Officer ("DHO") conducted a hearing on each incident report. On May 7, 2014, the DHO found the petitioner guilty of all charges related to Incident Report No. 2569835 and imposed sanctions, which included loss of several days of good conduct time. [Doc. 13-3 at 9-13]. The petitioner appealed the disciplinary action, and while he was successful in having the Prohibited Act Code 297 charge expunged from his record, the charges of Prohibited Act Codes 305, 328, and 334 were upheld by the Regional Office, which found that the greater weight of the evidence supported the DHO's

finding of guilt on those charges. [Doc. 1-23].

On May 27, 2014, the DHO also found the petitioner guilty of committing Prohibited Act Code 224A, Assaulting any person (Aiding), as indicated by Incident Report No. 2569838, and again imposed sanctions that included loss of several days of good conduct time. [Docs. 1-14; 1-15; 1-16]. The petitioner appealed the DHO action regarding Incident Report No. 2569838, which was partially granted, and the incident report was remanded for reinvestigation and reprocessing. [Docs. 1-34; 1-35]. As of November 28, 2015, the incident report was still pending investigation. [Doc. 13-3].

The petitioner's § 2241seeks an order vacating his convictions for disciplinary code violations, expungement of the violations from the Bureau of Prisons' ("BOP") records, a directive to restore his wrongfully deprived Good Conduct Time, and a declaratory judgment that this matter should not affect the BOP's nor the State of New Jersey Department of Parole's administrative determinations. [Doc. 1 at 8].

Following the Court's October 16, 2015, Order to Show Cause [Doc. 10], the respondent filed his Response to Order to Show Cause and Motion to Dismiss Petition, or, in the Alternative, for Summary Judgment on October 29, 2015. [Doc. 13]. Therein, he argues that the petitioner received all the due process safeguards and rights afforded pursuant to **Wolff v. McDonnell**, 418 U.S. 539 (1974), which include written notice of the charged violations at least 24 hours before the hearing, disclosure of evidence against the prisoner, the right to call witnesses and present documentary evidence (unless unduly hazardous to institutional safety or correctional goals), a neutral and detached hearing body, and a written statement by the factfinders as to evidence relied on and reasons for disciplinary action. [Doc. 13-1 at 10-11]. The respondent also argues that the DHO's

4

findings met the proper evidence standard, as stated in **Superintendent, Mass. Corr. Inst. v. Hill**, 472 U.S. 445 (1985), and that the petitioner's challenge to Incident Report No. 2569838 is moot because his appeal was granted to the extent that the incident report was remanded for reinvestigation and reprocessing, and is not at present a part of his disciplinary history. [*Id.* at 12-14].

On November 30, 2015, the petitioner filed his response to the respondent's motion [Doc. 16], in which he reasserts that there is a lack of evidence sufficient to find him guilty of the charged infractions, argues that he possesses evidence tending to disprove the infractions, and reiterates a great deal of background information while attempting to explain various subjective perceptions.

On April 22, 2016, Magistrate Judge Trumble filed the instant R&R [Doc. 22], recommending that this Court dismiss as moot the petitioner's § 2241 petition and deny as moot the respondent's motion to dismiss or for summary judgment. In so recommending, the magistrate judge notes that the petitioner's challenge to the disciplinary proceedings that led to the sanction was appropriate for habeas review at the time this action was filed due to the sanction that adversely affected his ongoing federal confinement; however, since the petitioner was released from custody, the petitioner's claims are moot. The magistrate judge also explains that "an inmate's petition will not be rendered moot by his release if he can show that the challenged conviction will cause him to suffer some future collateral consequences,"[1] and thus that the issue in this case is whether the disciplinary proceedings have a continuing impact on the petitioner following his release. Ultimately, the magistrate

---

[1] Citing **Lane v. Williams**, 455 U.S. 624 (1982); **Carafas v. LaVallee**, 391 U.S. 235 (1968).

judge concluded that the only potential continuing impact the disciplinary proceedings may have on the petitioner–specifically, a potential detrimental impact on his future parole considerations–is too speculative of a possibility to provide an ongoing case or controversy. He explains that the decision to grant or deny parole is based on several considerations, and that disciplinary infractions are only one of many and insufficient to grant this Court continuing jurisdiction in this matter. Finally, the magistrate judge notes that, even if he were to expunge the disciplinary infractions at issue in this case, the petitioner would still have disciplinary actions of record for consideration by the New Jersey Parole Board, thus causing his claim that the disciplinary proceedings in this case might have a detrimental impact on any future parole hearings to be even more speculative.

On May 17, 2016, the petitioner's Objection was filed.[2]

## III.     DISCUSSION

In his objection, the petitioner first explains the nature of his prison infractions and the resulting sanctions. He indicates that initially he was to be released on March 17, 2016, as the result of the loss of his good time credit, but because of the administrative remedy he received, his release date became February 18, 2016, the date on which he was actually released. The petitioner notes that he is "still being held responsible for 4 (Four) of the 6 (Six) prison infractions," and that he has been filing "an incredible amount of paperwork to seek justice" before addressing Magistrate Judge Trumble's R&R directly.

---

[2]The document entitled "Petitioner's response to Robert W. Trumble United States Magistrate Judge's Report and Recommendation Filed April 22, 2016" is dated May 12, 2016, and was first filed May 17, 2016, along with various other documents. [Doc. 25]. This Court notes that what appears to be a duplicate of the objection and its attachments were filed on May 23, 2016 [Doc. 26], and again on May 27, 2016 [Doc. 28], with the latter duplicate also including an additional attachment labeled "Panel Decision" [Doc. 28-2].

The petitioner states that, while Magistrate Judge Trumble indicates that the Court has not received a copy of the DHO Report regarding Incident Report No. 2569838, he did in fact provide the Court with a copy of the report. Regarding this information, the petitioner is correct; the DHO Report pertaining to Incident Report No. 2569838 was provided by the petitioner with his original § 2241. [*See* Doc. 1-14]. The petitioner next references the magistrate judge's statement that "parties must continue to have a personal stake in the outcome of the lawsuit" and finding that the petitioner's contention that the prison infractions would be detrimental with regard to his parole hearing is speculative. He then refers to an attached New Jersey State Parole Board decision that indicates that an infraction was considered in denying parole. The petitioner continues by referring to the magistrate judge's mention of his violation of Prohibited Act Code 312 and attempting to assert the "truth" pertaining to his violation of Prohibited Act Code 328. He again asserts that he has a personal stake in the outcome "of having [his] federal prison infractions expunged from [his] federal prison record," noting that he is contesting Prohibited Act Codes 305 and 334 violations and that he sent "material facts" that prove he was not guilty of the infractions. Finally, the petitioner repeats his contention that his § 2241 petition is not moot and his request that his violations of Prohibited Act Codes 224A, 305, and 334 be expunged from his disciplinary record "in order to inform the proper parties in New Jersey that have held these 'unjustified' prison infractions against [him]."

### A.     Applicable Law

Under Article III of the Constitution, a federal court may adjudicate only actual, ongoing cases or controversies. **Lewis v. Continental Bank Corp.**, 494 U.S. 472, 477

(1990). In other words, the adjudicatory power of a federal court depends on the continuing existence of a live and acute controversy. See e.g. **Steffel v. Thompson**, 415 U.S. 452, 459 (1974); **Lujan v. Defenders of Wildlife**, 504 U.S. 555, 559-560 (1992); **L.A. v. Lyons**, 461 U.S. 95, 102 (1983). The parties must continue to have a personal stake in the outcome of the case through all stages of the federal judicial proceedings. **Lewis**, 494 U.S. at 477-78. Thus, a case becomes moot when there exists no viable legal issue left to resolve or the parties lack a legally cognizable interest in the outcome. **Powell v. McCormick**, 395 U.S. 486, 496 (1969). For this reason, where a habeas corpus petitioner is released from custody, a district court's authority to adjudicate the controversy is called into question. See **Burkey v. Marberry**, 556 F.3d 142, 147 (3d Cir. 2009). However, if the petitioner can show that he will suffer some future collateral consequences, the petition may be considered not moot. **Carafas v. LaVallee**, 391 U.S. 234, 237-8 (1968). These collateral consequences are not presumed where a petitioner challenges the execution of a sentence that has already been served; some concrete or continuing injury other than the now-ended incarceration must exist. **Spencer v. Kemna**, 523 U.S. 1, 7 (1998). Thus, as correctly stated by the magistrate judge, the issue in this case is whether the petitioner will suffer future detriment following his release from federal incarceration as a result of the disciplinary proceedings he contests.

### B.    Analysis

The petitioner does not seem to contest in his objection the fact that, once he was released upon completion of his term of federal imprisonment, his good conduct time credits ceased to have any effect such that his request to have his good conduct time

8

restored would be of any consequence.  Indisputably, efforts to have good conduct time restored once one is released from incarceration would be futile.  Instead his objection focuses on the potential that his federal prison disciplinary record will have an adverse effect in the future with regard to parole considerations by the New Jersey State Parole Board.  For this reason, the petitioner seeks to have his violations of Prohibited Act Codes 224A, 305, and 334 expunged from his disciplinary record and a declaratory judgment that this matter should not affect future administrative determinations.

This Court agrees with the magistrate judge's assessment that the possibility that a disciplinary infraction may affect a future parole hearing is overly speculative and insufficient to enable this Court's continued jurisdiction in this matter.  The petitioner attempts to argue that, because instructions exist directing that the New Jersey Parole Board "shall consider" the Federal Bureau of Prisons' Final decision, the infractions necessarily will influence the Parole Board's decision.  He avers that this contradicts the magistrate judge's contention that the petitioner has no personal stake in the outcome of having the federal prison infractions expunged from his record.  However, that the infractions "shall" be considered in making a parole determination does not mandate that they will be dispositive in making a final determination.  Nor does this language speak to the other considerations to be weighed in making a parole determination.  Indeed, other courts, including the Supreme Court of the United States, have found similarly.  *See e.g.*, **Sandin v. Conner**, 515 U.S. 472, 487 (1995) ("The chance that a finding of misconduct will alter the balance is simply too attenuated to invoke the procedural guarantees of the Due Process Clause"); **Meachum v. Fano**, 427 U.S. 215, 229 n.8 (1976) ("The granting of

parole has itself not yet been deemed a function to which due process requirements are applicable"); ***Ramirez v. Galaza***, 334 F.3d 850, 859 (a successful challenge to a prison disciplinary proceeding will not necessarily shorten the length of confinement because, even with expungement, the parole board could deny parole for other reasons); ***Norman v. Salazar***, 2010 U.S. Dist. LEXIS 52280 at *6 (C.D. Cal. Jan. 26, 2010) ("The mere possibility that [a] disciplinary conviction could be detrimental to Petitioner in future parole hearings is too speculative to serve as the basis for a habeas corpus petition").

In general, the petitioner's objection fails to address the magistrate judge's conclusion that anticipated detrimental impact of his disciplinary infractions on his parole consideration is too speculative to serve as the ongoing case or controversy forming the basis for his habeas corpus petition. It merely reiterates that he faced sanctions as the result of his disciplinary record and that this record may be considered in future parole hearings. The petitioner simply has not provided persuasive evidence nor argument that the potential influence of his prison infractions on a future parole determination is not overly speculative and should be considered a sufficient collateral consequence, and this Court finds that the possibility that the disciplinary infractions in question could be detrimental to the petitioner in future parole hearings is too speculative and insufficient to enable this Court's continued jurisdiction.

Moreover, the petitioner has not provided sufficient evidence nor argument that his disciplinary infractions should be expunged. A prison disciplinary decision comports with the requirements of due process if "some evidence" supports the decision by the prison disciplinary board. ***Superintendent, Mass. Corr. Inst. v. Hill***, 472 U.S. 445 (1985). This

does not mean that there cannot exist evidence to the contrary. "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id*. at 457. The petitioner fails to adequately contradict or disprove the evidence that formed the basis for his disciplinary infractions, which were then upheld on appeal. The only seeming attempt in his objection at directly addressing the evidence against him was his explanation of the "'truth' pertaining to prison infraction code 328" [Doc. 26-1 at 4]. The petitioner's attempts at providing subjective explanation for conduct in violation of the Prohibited Act Code are unpersuasive and fail to demonstrate that the disciplinary board's decisions were not supported by some evidence as required by *Hill*. The petitioner's desire to avoid detrimental impact from his disciplinary violations is not enough to warrant their expungement.

Accordingly, this Court finds that, as a result of the petitioner's release from federal custody and merely speculative detrimental impact resulting from his challenged disciplinary infractions, no case or controversy exists, and the matter must be dismissed. As such, the petitioner's objection is **OVERRULED**.

## IV. CONCLUSION

Upon careful review of the R&R, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 22]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the report. Further, petitioner's Objection **[Docs. 25, 26, 28]** is **OVERRULED**. The respondent's Response to Order to Show Cause and Motion to Dismiss Petition, or, in the Alternative, Motion for Summary Judgment **[Doc. 13]** is hereby **DENIED AS MOOT**, and the petitioner's Petition for Habeas Corpus Pursuant

to 28 U.S.C. § 2241 **[Doc. 1]** is hereby **DENIED AS MOOT**. Finally, this case is hereby **ORDERED STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein and to mail a copy to the *pro se* petitioner.

**DATED**: June 15, 2016.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE